Judge Underwood,
delivered the opinion of the court.
Brashears, as sheriff, instituted an action against Combs, a surety for Brashears’s deputy, upon the bond executed by the deputy to indemnify Brashears against injury in consequence of the deputy’s official condu’ct. The declaration, after setting out the bond and its condition, avers that the commissioner’s books for the collection of the revenue, and the county levy, for Perry county, for the years 1824 and 1825, amounting to the sum of $-were placed in the hands of Duff (the deputy) to collect; that said Duff failed and refused to pay into the public treasury, the revenue for the county of Perry, for for the years 1824-5; that said Duff failed and refused to pay over to the Perry county court, or to the county creditors, the amount of the county levy for Perry county, for the years 1824-5; in consequence whereof, the plaintiff Brashears was compelled to pay the revenue, and also the county levy, &c. for all which he had not been indemnified, wherefore a right of action had accrued, &c.
The defendant, now plaintiff in error, demurred to the declaration. The court overruled the demurrer. Whether the declaration is sufficient or not, is the first question: We are of opinion that the murrer should have been sustained. It is no where averred in the declaration that Duff', the deputy, had collected the revenue or county levy, for the years 1824-5, or any part thereof; nor is it averred that he could have collected them, but negligently failed to do so. We think one of these averments indispen-sible. If he could not collect the revenue and county *632 levy, and used proper exertions to do it, then he has discharged his duty in this respect, according to law. . If he failed to settle with the county court and have his delinquent list allowed, whereby the plaintiff was injured, the declaration should have avered the fact. There is no averment on that subject. We admit that it is altogether improbable that it was impossible for Duff-to collect any part of the revenue and county levy; it is likewise improbable that he could have collected every cent of them by the most vigilant exertion. We cannot therefore tell from ihe mere fact of the delivery of the commissioner’s books, what amount should be charged to the collector. He is responsible to the government for all the revenue shewn to be due by the commissioner’s book, unless he has a list of insolvents and persons who have removed, approved by the county court, and certified by the auditor, in the manner required by law. But when the principal sheriff proceeds, as in this case, against his deputy, we deem it proper to require such specific averments as will shew the true ground of liability, on the part of the deputy. We think the declaration does not place' his liability in this case, upon that clear foundation which it might be placed on if he is liable. The deputy Can only be charged by inference, as the declaration now stands. All the inferences must be drawn from thé fact that the commissioner’s books were delivered to him. That may be true, and yet he may have done his duty and not be liable. A reasonable degree of certainty should be required in all declarations.
There is a áifierenco between selling ^office and selling the office itself, or-a deputation.
*632 The next question grows out of the plea marked No. 2, to which a demurrer was sustained. This plea states in substance, that Duff the deputy, purchased from Brashears a part of the profits of the sheriffalty; and that, in consideration of said puarchase, the wri-tingdeclaredon was executed &c. wherefore, &c. We think the plea bad, and that the court correctly disposed of the demurrer to it. The bond sued on contains nothing upon its face shewing that it was given for a vicious consideration, or that it was executed in violation of the statute of 5 and 6 Edward, VI. chap. 16 (II. Digest 972.) We are of opinion that the plea does not shew that the bond was executed in violation of that statute. There is a wide difference between selling a part or the whole of the profits of an office^ *633 s&nd the office itself, or a deputation. A man may .purchase the profits of an office, and not perform any of the duties of it, but leave them to be performed the incumbent from whom the purchase was made, To buy an office or deputation is to secure by the contract the right to perform its duties, and thereby to make profit; and this is the offence against the statute, as it leads to extortion and mal practices. If a sheriff contracts to allow his deputy half or three-fourths of the fees for his services, and takes a bbnd of indemnity, we perceive nothing unlawful in the bond. Such may be the case here. It is sufficient that it does not appear from the plea, that it is not. But the bond sued on is expressly made valid by the act passed 25th December, 1820, II. Dig. 1146. The demurrer was therefore nroperly sustained to the . i r v plea*
If a sheriff aiiovThVde-puty half or other portion ^Vserrice/fe takes a bond of indemnity, is f10-thing unlawful in such bond'
the auditor of public accounts, deoi-adm¡°sible evidence, because they ^HptTfaun* JeoonU^of mf ditar’s office'.
Caperton and Apperson for plaintiff;
The. .other two pleas are in substance conditions performed. We think demurrers were properly sustained to each of them. In cases like this the issue should be made up in the manner suggested and pointed out in Commonwealth for Johnson vs. Miller &c. V. Mon. 211.-
The receipts and certificate of the auditor were improperly admitted as evidence on-the trial. These papers are not transcripts from the books and records af the auditors office, nor are they certified as such, They were not admissable under the act of February 3, 1815; I. Dig. 477. They were not verified by oath, and therefore amounted to no more than hearsay; Davidson vs. Berthoud and son, I. Mar. 354.
Judgment reversed with costs, and -cause remanded with directions to grant the plaintiff below, leave to amend his declaration, if he should apply for leave-; and if he should not, judgment must be entered against him, on the demurrer to the declaration. If the-declaration is amended the defendant below-must have leave to plead de novo.